# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| STANLEY LEON WADDELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| | **)** | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:08CV349 |
| | ) | 1:05CR347-1 |
| Respondent. | ) | |

Petitioner Stanley Leon Waddell, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 29).[1] Petitioner was originally indicted for possession with intent to distribute 44.2 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute 13.9 grams of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (docket no. 1). He later pled guilty to the cocaine base charge (docket nos. 10, 11) and was sentenced to 190-months imprisonment (docket no. 15).

Petitioner did file a direct appeal, but he was unsuccessful in gaining relief (docket nos. 25, 26). His appeal was denied on January 22, 2007. Petitioner then filed his motion under section 2255 in this court. Respondent has filed a motion to dismiss (docket no. 33), and Petitioner has responded to that motion (docket no. 35). The motion to dismiss is now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

**Discussion**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under section 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, judgment was entered denying Petitioner's direct appeal on January 22, 2007. Therefore, Petitioner had until April 23, 2008, to file his motion under subsection one. The motion indicates that it was mailed on May 19, 2008, meaning that it was nearly a month out of time. Only if another subsection gives Petitioner more time to file will his motion be timely.

---

[2] A section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Case 1:05-cr-00347-NCT   Document 36   Filed 10/16/08   Page 2 of 8

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. Petitioner does allege that the government and the United States Bureau of Prisons denied him the chance to timely file his section 2255 motion; however, he has not supported this with any evidence. Instead, his briefs complain about alleged difficulties in acquiring papers from the court and his former attorney, as well as normal prison actions such as lockdowns. He does not show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. At one point, Petitioner does claim that the time for at least some of his claims should run from the date two Supreme Court decisions, *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558 (2007), and *Gall v. United States*, ___ U.S. ___, 128 S.Ct. 586 (2007), were decided. Petitioner is incorrect. *Kimbrough* dealt with a defendant whose sentence was determined under the United States Sentencing Guidelines based on drug amounts. In the present case, Petitioner's sentence was determined based on his record, which made him a career offender under U.S.S.G. § 4B1.1. Although an alternative calculation based on drug amounts was performed in the Presentence Report (PSR), it was trumped by the higher range produced by

-3-

the application of the career offender guideline. (PSR ¶¶ 10, 13, 18, 19.) *Kimbrough* could not have affected Petitioner's case. Likewise, *Gall* is also irrelevant. That case deals with the standards required for a downward departure from the Guidelines. There was no departure in Petitioner's case. His attorney requested one, but the request was strongly rejected by the sentencing judge, who even noted that an upward departure was more likely appropriate given Petitioner's extensive criminal history (docket no. 21 at 9-10). Neither *Kimbrough* nor *Gall* affect Petitioner's case; therefore, subsection three does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at least by the time of his sentencing and appeal. This subsection also does not apply and Petitioner's motion is untimely.

Petitioner also makes an argument for equitable tolling. The Fourth Circuit and other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins*

*v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, .208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

Petitioner mentions a number of possible bases for equitable tolling. Specifically, he states that he was sick and "bed-ridden" at times, that he was sometimes locked down, that he did not have a law library or legal forms, that he had difficulty obtaining an "unedited" transcript of his sentencing, and that he has been diligent in pursuing his claims.

Even considered together, the grounds advanced by Petitioner are not sufficient to entitle him to equitable tolling. Neither unfamiliarity with the legal

process nor prison conditions such as lockdowns qualify Petitioner for equitable tolling. As for his alleged incapacity due to illness, records submitted by Petitioner show that he was out of work for convalescence and that he was to use only a bottom bunk at various periods of time. Nevertheless, they do not disclose the nature of his illness or injury or, more importantly, show that he would have been unable to submit a section 2255 motion. The time periods also appear to cover less than four months of the time in question (October 29, 2007, through February 19, 2008). His records also reveal that he was corresponding with the court during this time period regarding his sentencing transcript (docket no. 35, Exs). He obviously had the ability to write, reason, and pursue his case at those times. There is no evidence that he could not also have filed a section 2255 motion.

The only remaining reason for delay given by Petitioner is the alleged delay in receiving a sentencing transcript. Again, his own records reveal that the real problem was his insistence on an "unedited official" transcript. Petitioner's use of this term refers to his contention that unidentified statements made by his attorney, the prosecutor, and the sentencing judge during his sentencing hearing are not included in the official transcript found in the court's records (docket no. 21). The only such statement that Plaintiff uses in arguing his claims for relief is an alleged statement by the sentencing judge wherein he chastised Petitioner's attorney for being unprepared and stated that he should not pay the attorney for handling the

case. Petitioner's parents have submitted notarized statements claiming that such statements were made (docket no. 35, Exs).

The court has reviewed the sentencing transcript found in the court's file. It does not contain the alleged statements, but also does not appear to be edited or "unofficial" in any way. The only utterances bordering on resembling those described by Petitioner and his parents occurred at the very end of Petitioner's sentencing. At that point, his attorney sought to discuss with the judge another case in which he failed to appear at a scheduled hearing and did not file a motion to continue. The judge did not make a comment at that time, but instead stated that he would speak with the attorney later that morning. Petitioner's sentencing transcript then ends (docket no. 21 at 12-13).

The statements at the conclusion of Petitioner's sentencing at least raise the possibility that there was a problem in another case and that comments similar to those described by Petitioner and his parents could have been made at some later point in the day. If that is so, they would appear to apply only to the other case, not to Petitioner's. They would also be a part of the transcript of a later case, not in Petitioner's. Their absence does not indicate that Petitioner's transcript is edited or incomplete. More important, their absence does not excuse the lateness of Petitioner's filing. At all times while the one-year time period to file was running, Petitioner had the ability to do exactly as he has done now and raise his claim through his briefs and supporting affidavits. A transcript might have perhaps been

desirable, but it was not necessary for Petitioner to have it in order for him to be able to file his motion and raise his claims. Still, he did not file in a timely and diligent fashion. Petitioner is not entitled to equitable tolling, and his motion should be dismissed for being time-barred.[3]

In addition to his motion brought under section 2255, Petitioner has also filed a motion seeking certain documents. The purpose of those documents would be to allow the merits of Petitioner's claims to be evaluated. Because the claims are time-barred, the motion for discovery is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for discovery (docket no. 32) is **DENIED.**

**IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 33) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 29) be **DENIED,** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

October 16, 2008

---

[3] Out of an abundance of caution, the court has reviewed Petitioner's claims. For the reasons set out in Respondent's brief (docket no. 33 at 4 n.2) and because Petitioner cannot show prejudice from any of his attorney's alleged deficiencies, the claims have no merit. His motion should alternatively be denied on its merits.

-8-

Case 1:05-cr-00347-NCT   Document 36   Filed 10/16/08   Page 8 of 8